ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| MicroTechnologies, LLC | ) | ASBCA Nos. 59911, 59912 |
| | ) | |
| Under Contract No. FA4890-13-F-Q106 | ) | |

APPEARANCE FOR THE APPELLANT:     Lewis P. Rhodes, Esq.
                                   Assistant General Counsel

APPEARANCES FOR THE GOVERNMENT:   Col Matthew J. Mulbarger, USAF
                                   Air Force Chief Trial Attorney
                                   Gregory A. Harding, Esq.
                                   Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK UPON THE
GOVERNMENT'S SECOND MOTION TO STRIKE

MicroTechnologies, LLC (MicroTech) appeals from a 3 March 2015 contracting officer's decision denying two claims dated 3 February 2015 (ASBCA No. 59911) and 4 February 2015 (ASBCA No. 59912), issued under a task order with the United States Air Force, Air Combat Command (compl. and answer ¶ 4; R4, tab 6 at 1, tabs 25-27). It seeks a total of $76,672 for an alleged government delay and work performed prior to a stop work order. MicroTech's claims also allege that it was entitled to have its Contract Assessment Performance Report (CPAR) revised to reflect MicroTech's actual performance (R4, tab 25 at 2, tab 26 at 5). Among the relief sought by MicroTech's original complaint was a request "that the Air Force be ordered to revise the CPAR to accurately reflect MicroTech's performance." In a decision dated 29 September 2015, the Board granted a government motion to strike that request on the ground that the Board lacks jurisdiction to grant specific performance or injunctive relief. *MicroTechnologies, LLC*, ASBCA Nos. 59911, 59912, 15-1 BCA ¶ 36,125.

MicroTech was granted leave to file an amended complaint. In it, MicroTech describes the underlying reasons for its monetary claims. Paragraph 75 of the amended complaint relies upon those same reasons to support MicroTech's claim that its CPAR is erroneous and an abuse of discretion. Paragraph 76 therefore contends the CPAR violates the government's contractual obligation to provide a fair and accurate performance assessment. MicroTech's new Wherefore clause requests the Board "declare that [its] CPAR is erroneous and remand the matter...back to the Contracting Officer and require the Air Force to provide MicroTech with a fair and accurate evaluation." (Am. compl. at 10)

The government has filed another motion to strike, asking that paragraphs 75 and 76 of the amended complaint be stricken, along with the portions of the Wherefore clause challenging the CPAR. The government suggests that MicroTech's allegations that the CPAR is an abuse of discretion and violates the government's obligation to provide a fair and accurate performance assessment were never the subject of a claim to the contracting officer. The government argues that MicroTech's claims merely sought a change to its CPAR *rating* but never contested its CPAR *evaluation*. In response, MicroTech notes that its claims requested revision of its CPAR *evaluation* to reflect its contract performance. It contends it sufficiently placed the contracting officer on notice of the relief it sought and what substantive issues were raised by it. In reply, the government seems to abandon its attempt to distinguish between a CPAR rating and an evaluation. Instead, it argues for the first time that the Board lacks subject matter jurisdiction to consider an appeal by MicroTech about its performance evaluation, or in the alternative that the claims do not adequately identify the reasons for MicroTech's challenge.

A claim is a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. A claim need not be in any particular form or wording, but must only provide adequate notice as to its basis and amount. *See K-Con Bldg. Sys. Inc. v. United States,* 778 F.3d 1000, 1005 (Fed. Cir. 2015). MicroTech's claims provided a description of the allegedly flawed treatment it received from the Air Force and sought revision of its CPAR for those reasons and to reflect its actual performance. Thus, it notified the contracting officer of the basis of its claims, something the contracting officer seemed to acknowledge by treating the submissions as claims and denying them. *See Transamerica Ins. Corp. Inc. v. United States,* 973 F.2d 1572, 1578 n.2 (Fed. Cir. 1992). Contrary to the government's suggestion, the Board possesses jurisdiction to consider MicroTech's challenges to its CPAR evaluation. It is an appeal from the denial of claims "relating to the contract." FAR 2.101; *Todd Constr., L.P. v. United States,* 656 F.3d 1306, 1312-1315 (Fed. Cir. 2011). The Board may determine whether "the government acted arbitrarily and capriciously in assigning an inaccurate and unfair performance evaluation." *Todd Constr.,* 656 F.3d at 1316.

Accordingly, the government's motion to strike paragraphs 75 and 76 of the amended complaint is denied, as well as its request that the Wherefore clause be stricken to the extent it seeks a declaration that the CPAR is erroneous. However, the Board has already ruled in this appeal that it lacks jurisdiction to grant specific performance or injunctive relief, and has therefore stricken a request by MicroTech that the Air Force be ordered to revise the CPAR. The amended complaint's new request for remand of the CPAR back to the contracting officer with a requirement that

the Air Force provide a fair and accurate evaluation essentially seeks the same relief. Accordingly, the Board strikes that request.

Dated: 21 April 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59911, 59912, Appeals of MicroTechnologies, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals